# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## (ATLANTA DIVISION)

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **STONEMARK MANAGEMENT, LLC and MARY JOYNER;** | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Associated Industries Insurance Company, Inc. ("Associated") and, for its Complaint for Declaratory Judgment, states as follows:

## NATURE OF ACTION

1. This is a declaratory action in which Associated seeks a declaration that it does not owe a duty to defend or indemnify Stonemark Management, LLC ("Stonemark") in connection with the underlying lawsuit filed by Mary Joyner captioned *Mary Joyner v. PM Lakeview 255 Stone Mountain, LLC, d/b/a Ashland Lakeview Apartments and Stonemark Management, LLC,* which is presently pending before the State Court of Gwinnett County, Georgia, bearing case number 23-C-05186-S2B (the "underlying lawsuit"). A true and correct copy of the operative complaint in the underlying lawsuit is attached hereto as **Exhibit "A."**

1

## PARTIES

2.     Plaintiff Associated is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in New York, New York.

3.     Defendant Stonemark Management, LLC ("Stonemark") is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia. Upon information and belief, the members of Stonemark are Michael Taylor, a citizen and resident of the State of Georgia; Albert Scott, a citizen and resident of the State of Georgia; Walt Lamperski, a citizen and resident of the State of Georgia; Sherrika Tate, a citizen and resident of the State of Georgia; Allen Brock, a citizen and resident of the State of Georgia; Melissa Gill, a citizen and resident of the State of Georgia; and Carol Fields, a citizen and resident of the State of Georgia.

4.      Defendant Mary Joyner is a citizen and resident of DeKalb County, Georgia. Associated is not seeking any relief against Defendant Mary Joyner other than to bind her by the judgment in this action.

## JURISDICTION AND VENUE

5.     An actual justiciable controversy exists between the parties pursuant to the United States Constitution and 28 U.S.C. § 2201 regarding the insurance coverage afforded to Stonemark.

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Associated is a citizen of Florida, while the defendants are deemed to be citizens and residents of Georgia, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.[1]

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Specifically: (1) the Associated Policy at issue in this declaratory judgment action was issued to AH Capital, LLC for property located at 200 Summit Lake Drive, Stone Mountain, Georgia, 30083, which is located in DeKalb County in this judicial district; (2) the alleged damages for which Ms. Joyner is seeking to recover from Stonemark allegedly took place at Ashland Lakeview Apartments located at 200 Summit Lake Drive, Stone Mountain, Georgia, 30083 ("the Premises"), which is located in DeKalb County in this judicial district; and (3) the underlying lawsuit was filed in this judicial district. In the alternative, to the extent that proper venue is not established in this judicial district under 28 U.S.C. § 1391(b)(2), it is established under 28 U.S.C. § 1391(b)(3) because Stonemark is subject to the Court's personal jurisdiction in this judicial district.

## FACTUAL ALLEGATIONS

---

[1] Defendant Mary Joyner has made Policy Limit demands in amounts greater than $75,000 for damages in the underlying lawsuit.

8. On or around December 20, 2020, Mary Joyner filed a Complaint in the underlying lawsuit against Stonemark and co-defendant PM Lakeview 255 Stone Mountain, LLC d/b/a Ashland Lakeview Apartments ("Lakeview").

9. Ms. Joyner voluntarily dismissed her original complaint on February 8, 2023 without prejudice.

10. Ms. Joyner filed a Renewal Complaint for Damages in the underlying lawsuit on July 26, 2023. (*See* Exhibit A).

11. In her Renewal Complaint, Ms. Joyner alleges that Lakeview and Stonemark owned, operated, and managed the residential apartment units known as Ashland Lakeview Apartments in Stone Mountain, Georgia.

12. In her Renewal Complaint, Ms. Joyner alleges that she entered into a Leasing Agreement with Lakeview and Stonemark, thereby creating a landlord-tenant relationship.

13. In her Renewal Complaint, Ms. Joyner alleges that she complained of water intrusion, damage, and mold infestation, but that Lakeview and Stonemark did not make the necessary repairs.

14. In her Renewal Complaint, Ms. Joyner alleges that Lakeview and Stonemark's "negligence in failing to inspect and make necessary repairs led to hazardous living conditions. . .."

15. As a result, in her Renewal Complaint, Ms. Joyner asserts claims against Lakeview and Stonemark for negligence, negligence per se, breach of contract, breach of implied warranty of habitability, premises liability, and punitive damages.

16. Associated is not a party to the underlying lawsuit, and the coverage issues in the present litigation are not pending in the underlying lawsuit.

17. Associated agreed to defend Stonemark, pursuant to a full reservation of rights, in the underlying lawsuit, and it is presently doing so.

## THE ASSOCIATED POLICY

18. Associated re-alleges and incorporates by reference paragraphs 1-17 as if fully set forth herein.

19. Associated issued a Commercial Lines Policy to named insured AH Capital LLC ("AH"), bearing policy number AES104851401, for the August 27, 2018 to August 27, 2019 policy period (the "Policy"). A true and correct copy of the Policy, with redactions, is attached hereto as **Exhibit "B."**

20. AH Capital Partners, LLC ("AH Capital") is identified as an additional named insured on the Policy. (*See* Exhibit B at pg. 103).

21. AH Capital and Stonemark were parties to a Property Management Agreement, pursuant to which Stonemark acted as a property manager for AH

Capital for the Ashland Lakeview Apartments. A true and correct copy of the Property Management Agreement is attached hereto as **Exhibit "C."**

22. Subject to its other terms and conditions, the Associated Policy provides, in part:

> **SECTION II – WHO IS AN INSURED**
>
> **1.** If you are designated in the Declarations as:
>
> **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, by only with respect to their duties as your managers.
>
> . . .
>
> **2.** Each of the following is also an insured:
>
> . . .
>
> b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

23. Associated is presently defending Stonemark under the Policy subject to a reservation of rights, including a reservation to the extent that Stonemark was not acting as a real estate manager for a named insured at the time of the damages Ms. Joyner claims and made the basis of the underlying lawsuit.

24. Subject to its other terms and conditions, the Associated Policy also provides, in part:

> **SECTION I - COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
   . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
   . . .

25. The Policy includes the following definitions:

7

**SECTION V – DEFINITIONS**

. . .

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

26. Subject to its other terms and conditions, the Policy includes exclusions to coverage, including, but not limited to, the following:

    2. **Exclusions**
       This insurance does not apply to:
       a. **Expected Or Intended Injury**
          "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

       b. **Contractual Liability**
          "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the

8

>  assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
> (1) That the insured would have in the absence of the contract or agreement; or
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . ..

. . .

27. The Policy includes a "Fungi or Bacteria" Exclusion Endorsement, which provides as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.   The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:**

**2. Exclusions**
This insurance does not apply to:

**Fungi Or Bacteria**
a.   "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.   Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing,

9

       remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.    The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**

    **2.    Exclusions**
        This insurance does not apply to:

        **Fungi Or Bacteria**
        a.    "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

        b.    Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.    The following definition is added to the Definitions Section: "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.**

10

28. The Policy contains policy form CG 21 44 07 98, which states as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY. LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

> Premises:
>
> Sycamore Apartment Homes: Sycamore Devco LLC, 1901 King George Dr., Fayetteville, NC 28303 (Cumberland County)
>
> University Garden: 125 Baxter, LLC, 125-190 Baxter Dr. / 160 Dudley Dr., Athens, GA 30606 (Clarke County)
>
> Retreat at Marketplace: RJJ Retreat LLC, 3390 Fairburn Road, SW, Atlanta, GA 30331 (Fulton County)
>
> Arbors at North Decatur: 3799 North Decatur, LLC, 3799 North Decatur Road, Decatur, GA 30032 (Dekalb County)
>
> Oaks at Holcomb: RJJ Roswell, LLC, 700 Old Holcomb Bridge Road, Roswell, GA 30075 (Fulton County)
>
> Ashland Lakeview: RJJ Ashland, LLC, 200 Summit Lake Drive, Stone Mountain, GA 30083 (Dekalb)
>
> Project:

**(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)**

**This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:**

**1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or**

**2. The project shown in the Schedule.**

29. The Policy contains policy form IL 12 01 11 85, effective May 29, 2019, which states as follows:

POLICY NUMBER: AES1048514 01                                                                    IL 12 01 11 85

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## POLICY CHANGES

Policy Change Number: 3

| POLICY NUMBER | POLICY CHANGES EFFECTIVE | COMPANY |
|---|---|---|
| AES1048514 01 | 5/31/2019 | Associated Industries Insurance Company, Inc. |

| NAMED INSURED | AUTHORIZED REPRESENTATIVE |
|---|---|
| AH Capital LLC | Elissa Pacheco |

COVERAGE PARTS AFFECTED
General Liability

CHANGE
Returned Premium

EFFECTIVE DATE: 5/29/2019

In consideration of a Return Premium of ▮., it is hereby understood and agreed the following location is deleted from the Policy effective May 29, 2019:

Ashland Lakeview
200 Summit Lake Drive
Stone Mountain, GA  30083
(255 Units)

In addition to the above, the following Additional Named Insured is deleted from Policy Form NXGL001 0809:

RJJ Ashland, LLC

All other terms and conditions remain unchanged.

Authorized Representative Signature

## COUNT I – DECLARATORY RELIEF: ASSOCIATED DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY STONEMARK BECAUSE OF THE FUNGI AND BACTERIA EXCLUSION

30. Associated re-alleges and incorporates by reference paragraphs 1-29 as if fully set forth herein.

31. All of Ms. Joyner's claims in the underlying lawsuit are for "bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a

12

building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

32. The Policy definition of "fungi" includes mold.

33. Because of the application of the Fungi and Bacteria Exclusion, Associated does not owe a duty to defend Stonemark for Ms. Joyner's claims in the underlying lawsuit.

34. Because of the application of the Fungi and Bacteria Exclusion, Associated does not owe a duty to indemnify Stonemark for Ms. Joyner's claims in the underlying lawsuit.

**COUNT II – DECLARATORY RELIEF: ASSOCIATED DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY STONEMARK FOR CLAIMS THAT DO NOT MEET THE TERMS OF THE POLICY'S INSURING AGREEMENT**

35. Associated re-alleges and incorporates by reference paragraphs 1-29 as if fully set forth herein.

36. The Policy's Insuring Agreement only applies to damages because of "bodily injury" or "property damage" that were caused by an "occurrence" during the "policy period" and arising out of the specific properties described in the Policy. (*See* Exhibit B, at policy form CG 21 44 07 98).

37. The subject loss location was removed from the Policy as a covered location, per policy form IL 12 01 11 85, effective May 29, 2019. (*See* Exhibit B, at policy form IL 12 01 11 85).

38. Associated does not owe a duty to defend Stonemark for any "bodily injury" or "property damage" that occurred subsequent to May 29, 2019.

39. Associated does not owe a duty to indemnify Stonemark for any "bodily injury" or "property damage" that occurred subsequent to May 29, 2019.

40. Ms. Joyner asserts claims against Stonemark in the underlying lawsuit for breach of contract (Count III), breach of warranty of habitability (Count VI), and punitive damages (Count VIII).

41. These claims do not meet the definition of an "occurrence" as set forth in the Policy.

42. Associated does not owe a duty to defend Stonemark for Ms. Joyner's claims for breach of contract (Count III), breach of warranty of habitability (Count VI), and punitive damages (Count VIII) because they do not meet the definition of an "occurrence," in the underlying lawsuit.

43. Associated does not owe a duty to indemnify Stonemark for Ms. Joyner's claims for breach of contract (Count III), breach of warranty of habitability (Count VI), and punitive damages (Count VIII) because they do not meet the definition of an "occurrence," in the underlying lawsuit.

## COUNT III – DECLARATORY RELIEF: ASSOCIATED DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY STONEMARK FOR CLAIMS THAT ARE EXCLUDED BY THE POLICY'S EXCLUSIONS

44. Associated re-alleges and incorporates by reference paragraphs 1-29 as if fully set forth herein.

45. Associated does not owe a duty to defend or a duty to indemnify Stonemark because of the application of the exclusions in the Policy, including, but not limited to, those set forth above.

*The expected or intended injury exclusion:*

46. Exclusion a. excludes coverage for any "bodily injury" or "property damage" that was expected or intended from the standpoint of Stonemark.

47. In the Renewal Complaint, Ms. Joyner asserts claims against Stonemark for breach of warranty of habitability (Count VI) and punitive damages (Count VIII), claiming that Stonemark knew or should have known that their failure to cure defective conditions could or would result in such injury and their conduct was willful, outrageous, and wanton.

48. Accordingly, Associated does not owe a duty to defend Stonemark for Counts VI and VIII because of the application of Exclusion a.

49. Associated does not owe a duty to indemnify Stonemark for Counts VI and VIII because of the application of Exclusion a.

*The contractual liability exclusion:*

50. In the Renewal Complaint, Ms. Joyner asserts claims against Stonemark for breach of contract (Count III), breach of warranty of habitability (Count VI) and punitive damages (Count VIII) claiming that Stonemark breached the Leasing Agreement.

51. In each of these Counts, Ms. Joyner's damages would be by reason of the assumption of liability in a contract or agreement.

52. Accordingly, Associated does not owe a duty to defend Stonemark for Counts III, VI, VIII because of the application of Exclusion b.

53. Associated does not owe a duty to indemnify Stonemark for Counts III, VI, and VIII because of the application of Exclusion b.

## **REQUESTED RELIEF**

WHEREFORE, Associated respectfully requests that the Court enter judgment as follows:

1. Declaring the rights, status, and legal relations of Associated and Defendants under the Policy;

2. Finding and declaring that Associated does not have a duty to defend Stonemark for the claims and damages in the underlying lawsuit;

3. Finding and declaring that Associated does not have a duty to indemnify Stonemark for the claims and damages in the underlying lawsuit;

4. Finding and declaring that Associated may withdraw its defense of Stonemark in connection with the underlying lawsuit; and

5. For such other and further relief to which Associated may be entitled, or as this Court may deem just and proper.

            Respectfully submitted,

            *s/Joel S. Isenberg*
            Joel S. Isenberg (GA Bar #108253)
            Counsel for Plaintiff Associated
            Industries Insurance Company, Inc.

**OF COUNSEL:**
PORTERFIELD, HARPER, MILLS,
MOTLOW & IRELAND, PA
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
(205) 980-5000 / (205) 980-5001 Fax
jsi@phm-law.com